## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| YAGODA TRANSPORT, INC. | ) | Case No. 13-35247 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | Hearing Date: July 26, 2016 |
| | ) | Hearing Time: 10:30 a.m. |

### COVERSHEET FOR FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE TRUSTEE, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Trustee |
| Date of Order Authorizing Employment: | November 14, 2013 (eff. October 22, 2013) |
| Period for Which Compensation is Sought: | October 25, 2013 through July 24, 2015 |
| Amount of Fees Sought: | $8,627.50 |
| Amount of Expenses Sought: | $1,006.84 |

This is a(n):   ☐ Interim Application      X Final Application

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: -0-

Applicant:     Shaw Fishman Glantz & Towbin LLC

Date:   June 28, 2016           By: ___/s/ Ira Bodenstein___

{10036-001 APPL A0443321.DOC}

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| YADOGA TRANSPORT, INC., | ) | Case No. 13-35247 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | Hearing Date: July 26, 2016 |
| | ) | Hearing Time: 10:30 a.m. |

## FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE TRUSTEE, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), counsel to Ira Bodenstein in his capacity as chapter 7 trustee (the "Trustee") of the bankruptcy estate of Yagoda Transport, Inc. (the "Debtor"), applies to this Court (the "Application") pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007, for allowance and payment of $8,627.50 in compensation for 29.40 hours of professional services rendered on behalf of the Trustee during the period of October 25, 2013, through July 24, 2015 (the "Application Period"), and reimbursement of $1,006.84 in expenses incurred incidental thereto. In support of the Application, Shaw Fishman respectfully states as follows:

### Introduction

1.    The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (M) and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

{10036-001 APPL A0443321.DOC}

2. On September 4, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case.

3. On October 18, 2013, the Court entered an order converting this case to a case under Chapter 7 of the Bankruptcy Code [Dkt. No. 26].

4. On October 22, 2013, the Trustee was subsequently appointed chapter 7 trustee by the United States Trustee for the Northern District of Illinois.

## Background

5. On October 31, 2013, the Trustee filed his *Application for Authority to Employ Counsel* [Dkt. No. 35] (the "Employment Application"), which sought approval of Shaw Fishman as the Trustee's bankruptcy counsel. The Employment Application proposed that Shaw Fishman render the following legal services:

   a. Prepare motions, notices and orders pertaining to the administration of the bankruptcy estate's assets, including matters pertaining to claims resolution, the employment of professionals, and the investigation and prosecution of any causes of action available to the bankruptcy estate, if necessary;

   b. Liquidate the bankruptcy estate's remaining assets;

   c. Pursue recovery as appropriate under 11 U.S.C. § 549 of Estate Funds paid by the Debtor post-petition and pre-conversion to holders of pre-petition claims; and

   d. Provide all such other legal services as may be required and in the interest of the estate.

6. On November 14, 2013, the Court granted the Employment Application and entered its *Order Granting Trustee's Application to Employ Counsel* [Dkt. No. 38], authorizing the Trustee to employ Shaw Fishman, effective retroactively to October 22, 2013 (the "Retention Order").

7. The Retention Order states that all compensation and expense reimbursement to Shaw Fishman shall be "subject to further Court order upon separate application made therefore." (Retention Order ¶ 3.)

### Services Rendered by Shaw Fishman

8. Throughout the Application Period, Shaw Fishman rendered in excess of 29 hours of legal services to the Debtor having a value of $8,627.50 for an average hourly rate of approximately $293.00. Shaw Fishman provided professional services to the Trustee which were consistent in scope to those approved by the Retention Order. All of the services for which compensation is requested were services which, in the exercise of Shaw Fishman's reasonable billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

9. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into four separate categories, as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Account Receivable Collection | 5.40 | 1,566.00 |
| Avoidance Actions | 5.60 | 1,725.50 |
| Case Administration | 13.10 | 3,799.00 |
| Retention of Professionals | 4.90 | 1,421.00 |
| Tax Returns | .40 | 116.00 |
| **Total** | **29.40** | **$8,627.50** |

10. Detailed invoices ("Invoices") for each time category are attached as <u>Exhibit A</u> to this Application. The following is a separate description of each of the Shaw Fishman categories which generally describe the tasks performed. The Invoices provide detailed descriptions of all services rendered in each of the above categories and the date and amount of time spent in each category. All services for each category were rendered by David R. Doyle at a rate of $290 per hour during 2013 and 2014 and $325 per hour in 2015.

### Accounts Receivable Collection

11. Shaw Fishman spent 5.4 hours of professional services having a value of $1,566.00 in connection with services pertaining to review and collection of unpaid accounts receivable. Services rendered by Shaw Fishman included, among other things: (a) reviewing the Debtor's accounts receivable files; (b) preparing and sending demand letters; and (c) communicating with the account debtors and coordinating collection of open receivables.

### Avoidance Actions

12. Shaw Fishman spent 5.6 hours of professional services having a value of $1,725.50 in connection with services pertaining to investigation and pursuit of avoidance actions. Services rendered by Shaw Fishman included, among other things: (a) reviewing the Debtor's records concerning avoidable post-petition, pre-conversion payments; (b) preparing and sending demand letters; and (c) communicating and coordinating collection of payments.

### Case Administration

13. Shaw Fishman spent 13.10 hours of professional services having a value of $3,799.00 in connection with services pertaining to general case administration. Services rendered by Shaw Fishman in this category included, among other things: (a) preparing a motion and attending a hearing on sale of the asset list; (b) communications with Debtor's counsel and

the landlord re: vacating the premises; and (c) preparing a motion and attending a hearing on disposal of records and de-minimus assets.

### Retention of Professionals

14. Shaw Fishman spent 4.90 hours of professional services having a value of $1,421.00 in connection with services pertaining to retention of professionals. Services rendered by Shaw Fishman in this category included, among other things: (a) drafting and revising applications to employ (i) Shaw Fishman as Trustee's counsel, (ii) Lois West and Popowcer Katten as Trustee's accountants; and (b) attending related hearing on the employment applications.

15. The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Trustee in connection with the case. Further, the amount of time spent by Shaw Fishman with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

16. Whenever possible, Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Debtor. To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.

17. The results of Shaw Fishman's efforts have inured to the benefit of the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the

reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

### Expenses

18. The aggregate amount of expenses for which reimbursement is being sought is $1,006.84. All of the expenses for which reimbursement is requested are expenses which Shaw Fishman customarily recoups from its clients. An itemization of the expenses is included in the Invoice attached as Exhibit A. The types of costs for which reimbursement is sought are listed below:

| Federal Express/Shipping | Actual cost |
|---|---|
| Pacer | Actual cost |
| Parking/Taxi | Actual cost |
| Postage | Actual cost |
| Westlaw | Actual cost |
| Disposal Services | Actual cost |

19. The specific expenses for which reimbursement is requested during the Application Period are as follows:

| Groot Disposal | $375.30 |
|---|---|
| Westlaw | $16.30 |
| Pacer | $34.50 |
| Postage | $326.04 |
| Photocopy | $254.70 |
| **Total** | $1,006.84 |

20. All expenses incurred by Shaw Fishman incidental to its services were customary and necessary. All expenses billed to the Trustee were billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought

constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

### Compliance with 11 U.S.C. § 504

21. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

### Notice

22. As indicated in the attached Certificate of Service, Shaw Fishman provided approximately 28 days' detailed notice of this Application to the U.S. Trustee, all creditors who filed claims and all parties requesting notice in this bankruptcy case via CM/ECF and U.S. Mail, postage prepaid. Shaw Fishman requests that this Court find the notice provided for herein sufficient and waive and dispense with any further notice requirements, pursuant to Rules 2002(a) and 9007 of the Federal Rules of Bankruptcy Procedure.

### Conclusion

23. For these reasons, Shaw Fishman respectfully requests entry of an order, substantially in the form attached hereto, that:

   a. Allows Shaw Fishman $8,627.50 in final compensation for the Application Period;

   b. Allows Shaw Fishman $1,006.84 in final expense reimbursement for the Application Period;

   c. Authorizing the Trustee to pay Shaw Fishman the entire amount of such allowed fees and expenses;

   d. Waives other and further notice of the hearing with respect to this Application; and

   e. Provides such other just and appropriate relief.

Dated: June 28, 2016                     Respectfully submitted,

                                         Shaw Fishman Glantz & Towbin LLC

                                         By:  /s/ Ira Bodenstein

Ira Bodenstein (#3126857)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 541-0151
Fax: (312) 980-3888
ibodenstein@shawfishman.com
ddoyle@shawfishman.com